# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

RICKY LEWIS AND LULU LEWIS,        :

     Plaintiffs,        :

vs.        :        CA 10-0718-KD-C

STATE FARM FIRE AND CASUALTY        :
COMPANY, et al.,
        :

     Defendants.

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b), on State Farm Fire and Casualty Company's (hereinafter, "State Farm") motion for partial dismissal (Doc. 3), the plaintiffs' response (Doc. 27), and the moving defendant's reply (Doc. 28). Upon consideration of the foregoing pleadings, it is recommended that State Farm's motion for partial dismissal be **GRANTED**.

## FINDINGS OF FACT

1.        State Farm Fire and Casualty Company issued a renewal certificate to plaintiffs regarding their homeowners policy, Policy Number 01-ER-0896-3, on or about June 25, 2009, covering their home at 409 4th Avenue in Selma, Alabama 36701. (*See* Doc. 1, Exhibit C, RENEWAL CERTIFICATE, at 1.) The policy had an effective date of August 9, 2009 and provided coverage through August 9, 2010. (*Id.*)  Plaintiffs paid all premiums due under the policy and, on April 12, 2010, plaintiffs "suffered losses due to a house fire that caused total destruction to the property located at 409 Fourth Avenue, Selma, Alabama 36701[.]" (Doc. 1, Exhibit A, COMPLAINT, at ¶¶ 15 & 16.)

2.     On November 23, 2010, plaintiffs Ricky and Lulu Lewis filed this bad faith,

breach of contract, negligence, and fraud action against named defendants State Farm Insurance

Company,  State Farm Fire & Casualty Company, and Patrick Craig, as well as fictitious parties,

in the Circuit Court of Dallas County, Alabama. (Doc. 1, Exhibit A, COMPLAINT.) Relevant to

the present motion for partial dismissal, plaintiffs' negligence and fraud claims asserted against

State Farm read, as follows:

<u>**THIRD CAUSE OF ACTION**</u>
**(Negligence)**

**PLAINTIFFS, AND EACH OF THEM, FOR A THIRD CAUSE OF
ACTION AGAINST DEFENDANTS, AND EACH OF THEM, FOR
NEGLIGENCE, ALLEGE:**

32.     Plaintiffs refer to each and every paragraph of the General
Allegations, First Cause of Action, and Second Cause of Action and incorporate
those paragraphs as though set forth in full in this cause of action.

33.     At all relevant times, Defendants, and each of them, knew that
Plaintiffs were and would be relying upon the accuracy, good faith and expertise
of the Defendants, and each of them, in obtaining insurance coverage for
Plaintiffs' property and knew of the importance to plaintiffs of performing
accurately, competently and truthfully, with respect to the obtaining of full and
adequate insurance to protect Plaintiffs' interests as requested by Plaintiffs. As
such, Defendants, and each of them, were under a duty to Plaintiffs to procure and
obtain full and adequate auto (sic) insurance coverage protecting Plaintiffs'
interests as requested by Plaintiffs and Defendants were under a duty to Plaintiffs
to assist Plaintiffs in maintaining full coverage of all insurable property losses.

34.     Defendants, and each of them, breached their duties as set forth
above and were negligent by the following acts and omissions:

(a)     Despite Plaintiffs' requests that they do so, and despite
Defendants' representations that they would, Defendants failed to properly
investigate and resolve this claim in a timely manner.

.          .          .

36.     As a proximate result of the above unreasonable and negligent
conduct of Defendants, Plaintiffs have suffered, and will continue to suffer in the
future, general and special damages to be determined at the time of trial.

## FOURTH CAUSE OF ACTION
### (Fraud)

**PLAINTIFFS ALLEGE AGAINST DEFENDANTS, AND EACH OF THEM, FOR A FOURTH CAUSE OF ACTION FOR FRAUD:**

37.     Plaintiffs incorporate by reference each and every paragraph of the General Allegations, First Cause of Action, Second Cause of Action  and  Third Cause of Action as though set forth in full in this cause of action.

38.     At all relevant times Defendants, and each of them, had a special relationship with Plaintiffs which required Defendants to disclose to Plaintiffs material facts regarding the policy being issued to plaintiffs. Defendants' failure to disclose this material information despite the duty to do so constitutes a misrepresentation.

39.     At the time these representations were made by Defendants, Plaintiffs were ignorant of the falsity of Defendants' representations and believed them to be true. In reliance on these misrepresentations, Plaintiffs were induced to pay premiums on the homeowners' insurance policy and were induced to refrain from seeking insurance through another company or source.

40.     Had Plaintiffs known the actual facts, Plaintiffs would not have taken such action. Plaintiffs' reliance on Defendants' representations was justified because Plaintiffs were depending upon the honesty and good faith of Defendants in relying [on] Defendants' representations.

41.     As a result of Defendants' conduct, Plaintiffs have suffered, and will continue to suffer in the future, damages under the Policies, plus interest, and other economic and consequential damages, for a total amount to be shown at the time of trial.

42.     As a further proximate result of the above wrongful conduct of Defendants, Plaintiffs have suffered anxiety, worry, mental and emotional distress, all to Plaintiffs' general damage in a sum to be determined at the time of trial.

43.     The conduct of Defendants described here was intended by those Defendants to cause injury to Plaintiffs or was despicable conduct carried out by the Defendants with a willful and conscious disregard of the rights of Plaintiffs, subjected Plaintiffs to cruel and unjust hardship in conscious disregard of Plaintiffs' rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to those Defendants, made with the intention to deprive Plaintiffs of property, legal rights or to otherwise cause injury, such as to constitute malice, oppression or fraud under Alabama law, thus entitling Plaintiffs

to punitive damages in an amount appropriate to punish or set an example of Defendants.

44.     The acts and omissions of Defendants, and each of them, were made with a conscious disregard of the health and safety of Plaintiffs, thus entitling Plaintiffs to punitive damages in an amount appropriate to punish or set an example of Defendants.

.     .     .

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

AS TO EACH CAUSE OF ACTION:

1)     Damages for failure to provide benefits under the policies, plus interest, including prejudgment interest, and other economic and consequential damages, in a sum to be determined at the time of trial;

2)     General damages for mental and emotion distress in a sum to be determined at the time of trial;

3)     For attorneys' fees, witness fees and costs of litigation incurred by Plaintiffs to obtain the benefits owed under the policies in an amount to be determined at the time of trial;

4)     Punitive and exemplary damages in an amount appropriate to punish or set an example of Defendants;

5)     For costs of suit incurred here;

6)     For such other and further relief as the Court deems just and proper.

(*Id.* at 6-7, 7-8, 10, 11, 11-12 & 13-14 (emphasis supplied))

3.     State Farm filed its motion for partial dismissal on December 29, 2010,

concurrently with its notice of removal (Doc. 1). A ruling on this motion was held in abeyance

pending final disposition of plaintiffs' motion to remand (*see* Doc. 10). State Farm avers in its

motion for partial dismissal that Count Three of plaintiffs' complaint fails to state a claim for

relief because Alabama law does not recognize a cause of action for negligent handling of insurance claims (*see* Doc. 3, at 3-4). Moreover, the moving party contends that plaintiffs' fraud claim is either due to be dismissed on the basis of a lack of "special relationship" or, otherwise, that it is due to be dismissed because it is not stated with the requisite particularity as required by Fed.R.Civ.P. 9(b). (*See id*. at 4-7.)

4.      In their response, plaintiffs concede that Count Three of the complaint, alleging negligence, is due to be dismissed. (Doc. 27, at 5 ("With regard to Count (3) (Negligence), Plaintiff[s] voluntarily agree[] to dismiss that claim.").) However, with respect to the fraud count plaintiffs argue that same is due to be denied because "critical discovery is pending that would allow Plaintiffs to prove their fraud claim and because Plaintiffs have shown there are fact questions in dispute about the veracity of Pat Craig's representations to the Plaintiffs." (*Id*. at 5.)

> Plaintiff Ricky Lewis has asserted in his affidavit,[1] attached hereto as Plaintiffs' exhibit 1, that Mr. Craig acted in a fraudulent manner in ***adjusting*** this claim. Specifically, Mr. Craig made representations that he never intended to fulfill and other times suppressed information that should have been made known to the Defendants (sic). Moreover, although Defendants provided the undersigned counsel with a privilege log, there are several critical items outlined in the privilege log that the Plaintiffs believe should be disclosed but are currently redacted. For example, it is clear from the Claims' File that Kevin Blevins, the son of Mrs. Lewis, was targeted as an arsonist even before the claim was technically filed but this fact was hidden from Plaintiffs by Pat Craig and State Farm in order to use it against them later.
>
> .      .      .
>
> In the instant case, there are approximately ninety (90) documents that the Plaintiffs allege have been wrongfully withheld by the Defendants and despite Plaintiffs' efforts to cure the deficiencies the Defendants have remained silent.

---

[1]      This is the same affidavit that was attached to plaintiffs' motion to remand. (*Compare* Doc. 27, Exhibit 1, Affidavit of Ricky Lewis (dated January 11, 2011) *with* Doc. 9, Exhibit 1, Affidavit of Ricky Lewis (dated January 11, 2011).)

A number of the redacted documents are correspondence generated by Defendant and State Farm Employee Pat Craig. Pat Craig is the adjuster who was responsible for the Plaintiffs' claim and who allegedly made false representations to the Plaintiffs. . . . In Mr. Lewis' affidavit . . ., he states specifically that: "Mr. Craig has made numerous and purposeful misrepresentations to us[] during the claims process, for example, we were informed by Mr. Craig that State Farm had a specific time within which to investigate this claim and pay us or deny the claim. Mr. Craig informed us that after we filled out our personal property inventory it would be paid. None of his representations have turned out to be true. . . ."

Moreover, Plaintiffs anticipate that if they are able to review the documents that have been wrongfully redacted they will discover that Mr. Craig fraudulently suppressed critical information from the Plaintiffs. For example, Mr. Craig and State Farm knew as early as the day after the fire that Kelvin Blevins, the Plaintiffs' son, was under suspicion for causing the fire, yet they failed to ever inform the Plaintiffs[] about this fact, which they were required to do pursuant to their duty to act in good faith towards their insureds.

.        .        .

As indicated in Plaintiff Ricky Lewis' affidavit, he relied on representations made by Pat Craig that if he fully cooperated with State Farm's investigation he would be compensated under the terms of the policy. Put differently, Pat Craig and State Farm duped the Plaintiffs into a false sense of security all the while never intending to pay the claim. All their investigative force was channeled into proving the Plaintiffs[] to be arsonist[s] when they had an equal duty to investigate all other options. Moreover, Plaintiffs[] believe if they are allowed to review the approximately 90 documents, many of which were generated by State Farm Claims adjuster Pat Craig, [they] will discover that many facts were suppressed by State Farm that should have been known to Plaintiff[s], for example, State Farm had a duty to tell the Plaintiffs[] their son was under investigation for arson but purposely refused to do so in order to wrongfully entrap the Plaintiffs.

(*Id.* at 2, 3, 3-4 & 4 (emphasis supplied; footnote added).)

5.        In reply, State Farm argues the following: "Plaintiffs' Response fails to respond to State Farm's Motion to Dismiss with respect to Plaintiffs' defectively-pled fraudulent suppression claim, but instead attempts to recast that claim as a fraudulent misrepresentation

claim through the improper submission of documents extraneous to the Complaint,[2] and a resulting argument that State Farm's Motion to Dismiss must be handled as a motion for summary judgment. Plaintiffs' Response is patently inadequate to overcome State Farm's Motion to Dismiss the fraudulent suppression claim. Indeed, in the wake of Plaintiffs' Response, the Plaintiffs are still operating under the same defectively-pled Complaint that State Farm attacked in the first instance. State Farm's Motion to Dismiss should be granted in all respects." (Doc. 28, at 1-2 (footnote added).) State Farm also argues that plaintiffs are trying, improperly, to convert their decidedly fraudulent suppression claim into a fraudulent misrepresentation claim. (*Id.* at 5.) Finally, State Farm argues, again, that plaintiffs have failed to state a fraudulent suppression claim. (*See id*. at 6-8.)

## CONCLUSIONS OF LAW

### A.    **Motion to Dismiss Standard**.

1.    Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint on the basis that the plaintiff has failed to state a claim upon which relief may be granted. *See* Fed.R.Civ.P. 12(b)(6). A Rule 12(b)(6) motion questions the legal sufficiency of a complaint (or portions of a complaint); therefore, in assessing the merits of a Rule 12(b)(6) motion, the court must assume that all the factual allegations set forth in the complaint are true. *See, e.g., United States v. Gaubert*, 499 U.S. 315, 327, 111 S.Ct. 1267, 1276, 113 L.Ed.2d 335 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). Moreover, all

---

[2]    State Farm seeks to strike these extraneous documents and have this Court consider its motion to dismiss as filed instead of converting same into a motion for summary judgment. (Doc. 28, at 2-4.)

factual allegations are to be construed in the light most favorable to the plaintiff. *See, e.g., Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S.Ct. 1378, 1382, 103 L.Ed.2d 628 (1989).[3]

2. Rule 8(a)(2) generally sets the benchmark for determining whether a complaint's allegations are sufficient to survive a Rule 12(b)(6) motion. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' As the Court held in *Twombly*, . . . the pleading standard Rule 8 announces

---

[3]     State Farm seeks to strike from the record the affidavit of Ricky Lewis which plaintiffs attached to their response in opposition to the motion for partial dismissal. (*Compare* Doc. 28, at 2-4 with Doc. 27, Exhibit 1, Affidavit of Ricky Lewis.) State Farm correctly contends that plaintiffs attempt to convert its motion for partial dismissal into a motion for summary judgment by asking this Court to consider the affidavit of Ricky Lewis. (See Doc. 27, at 1-5.)

It is clear in this circuit that ordinarily, a court does "not consider anything beyond the face of the complaint and documents attached thereto when analyzing a motion to dismiss[]" with the exception that an outside document may be considered "in cases in which a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss." *Financial Security Assurance, Inc. v. Stephens, Inc.,* 500 F.3d 1276, 1284 (2007) (citations omitted), *reh'g & reh'g en banc denied,* 261 Fed.Appx. 280 (11th Cir. 2008). Certainly, this exception is not applicable not only because plaintiffs do not refer to the affidavit of Ricky Lewis in their complaint but also because the defendant moving party is not the party who has attached the affidavit to its motion to dismiss. Instead, the non-moving parties have attached the affidavit to their response in opposition apparently under "the erroneous notion that including extraneous materials in opposition to [the] Defendant['s] motion forces the Court to treat the motion as one for summary judgment." *Ranch Realty, Inc. v. DC Ranch Realty, LLC*, 614 F.Supp.2d 983, 988 (D. Ariz. 2007); *see also Federal Ins. Co. v. Bonded Lightning Protection Systems, Inc.,* 2008 WL 5111260, *3 (S.D. Fla. Dec. 3, 2008) (same); *compare id. with* Doc. 27, at 1-5. As in *Ranch Realty* and *Federal Ins. Co.,* plaintiffs do not "provide any support for [their] fundamental assumption that [] non-moving part[ies] can convert a motion to dismiss into a motion for summary judgment by including extraneous material in [their] response." *Id.* Accordingly, the undersigned declines to consider the affidavit of Ricky Lewis and will not convert State Farm's motion into one for summary judgment. *Ranch Realty, supra,* 614 F.Supp.2d at 988. The undersigned's failure to consider the affidavit will not prejudice plaintiffs because they still have well over a month to seek leave to amend their complaint. (*See* Doc. 15, at ¶ 4 ("Motions for leave to amend the pleadings and to join other parties must be filed not later than **June 7, 2011**.").)

does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation.")[4] Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*, quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*, quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1955.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim that has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief.

*Id*. at ___, 129 S.Ct. at 1949-1950 (internal citations and quotation marks omitted); *see also id*. at

_____, 129 S.Ct. at 1950-1951 (a plaintiff must nudge his claims "'across the line from

---

[4]      It need be noted that in this diversity action, "federal law governs pleading requirements[.]" *Brown v. Nichols*, 8 F.3d 770, 773 (11th Cir. 1993); *see also Kirkland v. Guardian Life Ins. Co. of America*, 352 Fed.Appx. 293, 297 (11th Cir. Aug. 19, 2009) ("In a diversity action, the federal court must apply state substantive law and federal procedural law."), *cert. denied*, ___ U.S. ___, 130 S.Ct. 3412, 177 L.Ed.2d 325 (2010).

conceivable to plausible.'"); *see Speaker v. U.S. Dep't of Health & Human Services Centers for Disease Control & Prevention*, 2010 WL 4136634, *7 (11th Cir. Oct. 22, 2010) ("[G]iven the pleading standards announced in *Twombly* and *Iqbal*, [plaintiff] must do more than recite [] statutory elements in conclusory fashion. Rather, his allegations must proffer enough factual content to 'raise a right to belief above the speculative level.'").[5]

3.    "In addition to satisfying the Rule 8 requirements articulated by *Twombly* and *Iqbal*, a plaintiff alleging fraud must 'state with particularity the circumstances constituting fraud.'" *Lawrie v. The Ginn Companies*, LLC, 2010 WL 3746725, *3 (M.D. Fla. Sept. 21, 2010), quoting Fed.R.Civ.P. 9(b); *see also Muhammad v. Option One Mortgage Corp.*, 2010 WL 2712250, *4 (S.D. Ala. July 6, 2010) ("'[I]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'").[6] Indeed, the Eleventh Circuit has held that "pursuant to Rule 9(b), a plaintiff must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statements; (3) the content and manner in which these statements misled the Plaintiff[]; and (4) what the defendants gained by the alleged fraud." *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (citations and quotation marks omitted); *see also Thomas v. Pentagon Federal Credit Union*, 393 Fed.Appx. 635, 638 (11th Cir. Aug. 19, 2010) ("To comply with Rule 9(b), a complaint must set forth: '(1) precisely what statements were made in what

---

[5]    Plaintiffs concede that their negligent failure to investigate claim asserted against State Farm (i.e., Count Three) is due to be dismissed (Doc. 27, at 5 ("With regard to Count Three [] (Negligence), Plaintiff[s] voluntarily agree[] to dismiss that claim.")); therefore, the undersigned focuses solely upon whether plaintiffs have stated a viable fraud claim against State Farm.

[6]    "[T]he procedure for pleading fraud in federal courts in all diversity suits is governed by the special pleading requirements of Federal Rule of Civil Procedure 9(b)." *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1985).

documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled plaintiff, and (4) what the defendants obtained as a consequence of the fraud.'").[7]

### C. **State Law Misrepresentation/Suppression Claim Asserted Against State Farm**.

4. The moving defendant correctly points out that the Lewises have not alleged fraud with the particularity required by Rule 9(b).[8] More specifically, nowhere in the complaint do the plaintiffs identify the precise misrepresentations or omissions made by State Farm; the time, place, and person(s) responsible for the statements/misrepresentations/omissions; and the content and manner in which the statements/omissions misled the plaintiffs. Accordingly, the moving defendant's motion to dismiss count four of the complaint is due to be granted, *see Thomas, supra,* 393 Fed.Appx. at 638 (finding that the district court did not err in dismissing plaintiff's fraud claim as frivolous because plaintiff did not adequately plead fraud), without prejudice to the plaintiffs ability to amend their complaint, on proper motion, and state with particularity a fraud claim against defendant State Farm.[9]

---

[7] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[8] "'The elements of fraud are: (1) a misrepresentation of a material fact, (2) made willfully to deceive, recklessly, without knowledge, or mistakenly, (3) that was reasonably relied on by the plaintiff under the circumstances, and (4) that caused damage as a proximate consequence.'" *Allstate Ins. Co. v. Eskridge*, 823 So.2d 1254, 1258 (Ala. 2001).

[9] As aforesaid, the undersigned has not considered the affidavit of Ricky Lewis submitted in opposition to State Farm's motion for partial dismissal. In truth, plaintiffs' response to the motion for partial dismissal revolves around that affidavit. The statements in that affidavit, in turn, bear no relationship to the fraud claim asserted in the complaint. This is because the fraud claim asserted in the complaint focuses on alleged misrepresentations/suppressions of (Continued)

## CONCLUSION

Based upon the foregoing, it is recommended that the motion for partial dismissal filed by State Farm Fire and Casualty Company (Doc. 3) be **GRANTED IN ITS ENTIRETY** and that Counts Three and Four of the Complaint be **DISMISSED**.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 13th day of April, 2011.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

material facts made at the time plaintiffs procured their policy of insurance whereas the affidavit of Ricky Lewis focuses upon alleged misrepresentations/suppressions made by Patrick Craig during the claims process. While plaintiffs certainly may amend their complaint and assert with particularity a post-loss misrepresentation/suppression claim against State Farm, *see Seropian v. Wachovia Bank, N.A.,* 2010 WL 2949658, *4 n.5 (S.D. Fla. July 26, 2010) ("A response to a motion is not the place to assert new causes of action. Rather, Plaintiffs may seek to amend their complaint pursuant to Fed.Rules Civ.Proc. 15(a)."), Count Four of the complaint that is presently before this Court does not state with the requisite particularity required a valid point-of-sale suppression/misrepresentation claim against State Farm, *id.* at *4 ("[In their response], Plaintiffs attempt to plead a new cause of action . . . . That claim is not pled in the original Complaint. Plaintiffs cannot, however, assert what is essentially a new cause of action, not previously pled, in a response to a motion to dismiss. Rather, the only live claims that they have are those which were asserted in their Complaint[.] Furthermore, 'a court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for her.'"). Therefore, plaintiffs fraud claim is due to be dismissed. *Cf. Seropian, supra*, at *4 ("Plaintiff[s'] new claim . . . will not be considered until it has been pled.").

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.    *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).    The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[10] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[10]    Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).